# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IMG MEMORIAL FUND 1, LLC,

     Plaintiff,

vs.

FIRST LANDING FUND, LLC, VANTAGE
CONSULTING GROUP, INC., MARK T. FINN,
DAVID P. SCHIPPERS, PROPHECY SPECIAL
OPPORTUNITIES FUND, LP, PROPHECY
SPECIAL OPS GP, LLC, and JEFFREY SPOTTS,

     Defendants.

Case No. _____

## <u>COMPLAINT FOR DAMAGES</u>

Plaintiff, IMG Memorial Fund 1, LLC (hereinafter "Plaintiff"), sues First Landing Fund, LLC, Vantage Consulting Group, Inc., Mark T. Finn, David P. Schippers (collectively, First Landing Fund, Vantage Consulting Group, Mark T. Finn, and David Schippers, are referred to herein as "**First Landing**"), Prophecy Special Opportunities Fund, LP, Prophecy Special Ops GP, LLC, and Jeffrey Spotts (collectively Prophecy Special Opportunity Fund, LP, Prophecy Special Ops GP, LLC, and Jeffrey Spotts are referred to herein as "**Prophecy**"), for damages, alleging as follows:

## I.  INTRODUCTION

1.     This is a lawsuit arising out of more than $400 million in investor funds entrusted to Defendants that have been lost, partially lost, and/or seized by Defendants for more than a year due to their fraud and fiduciary breaches. While Defendants represented that they would diversify investments and closely monitor risks, they incurred significant losses by, among other reasons, placing investments with sub-advisor Brenda Smith, who was charged criminally by the

Department of Justice and civilly by the Securities and Exchange Commission for operating a $68 million Ponzi scheme, and by improperly investing all or nearly all of investor funds with a single sub-advisor, Brian Khan, who purportedly lost hundreds of millions of dollars.   Plaintiff IMG Memorial, a family investment fund, lost over $4 million as a result of Defendant' misconduct.

2.     As background, Jeffrey Spotts established the first Prophecy investment fund related to this case — Prophecy Trading Advisors — in or around 2011. The business model of that fund was to provide a trading platform that allowed so-called "sub-advisors" (*i.e.*, traders) to implement leveraged trading strategies using fund capital.  According to the offering documents in Prophecy Trading Advisors and First Landing Fund (a feeder fund to Prophecy Trading Advisors), the sub-advisors were subject to ongoing monitoring of their respective investment portfolios and strict risk controls implemented by Prophecy's risk monitoring desk.

3.     Sub-advisors trading on the Prophecy Trading Advisors platform were required to post collateral to cover any losses in their accounts up to 10% (or, in some cases, more).  In effect, this was a "first loss" platform because the sub-advisor's collateral would be used to cover any losses incurred in connection with implementing their respective investment strategies.  On information and belief, all sub-advisors were personally responsible for any losses in excess of those covered by their collateral.  This 'first loss' strategy was touted to investors, including Plaintiff, as providing a measure of protection against losses caused by sub-advisors.

4.     Likewise, on information and belief, sub-advisors trading on the Prophecy platform using capital from Prophecy Special Opportunities Fund, which was established in or around 2019, were personally responsible for any losses incurred from their strategies. Unlike

the Prophecy Trading Advisors Fund, however, the sub-advisors with access to capital from the Special Opportunities Fund were not required to post collateral.

5.       By virtue of seeding multiple sub-advisors, Prophecy claimed that the returns on its respective funds — taking the portfolios as a whole — were not correlated with the overall equity market returns, or any one sub-advisor, and that each of its two funds (Prophecy Trading Advisors and Prophecy Special Opportunities Fund) met the objectives of providing consistent absolute returns, capital preservation, and risk mitigation by ensuring that advisors pursued a diverse range of strategies.

6.       In 2015, Vantage Consulting Group became a partner in the Prophecy Trading Advisors fund, splitting the advisory fee with Prophecy Trading Advisors GP in exchange for funneling capital from investors to Prophecy Trading Advisors through a separate fund called First Landing Fund, LLC.   Effectively, Vantage Consulting Group and Prophecy Trading Advisors GP created a feeder-fund structure to funnel investor money into the Prophecy Trading Advisors fund through First Landing Fund.

7.       Investments in the two Prophecy funds and the First Landing Fund began to unravel in 2019 when one of Prophecy's subadvisors, Brenda Smith, was charged criminally and civilly with perpetrating a multi-million dollar Ponzi scheme.  On information and belief, around that same time, contrary to the diversified investment strategy Defendants touted, Prophecy began allocating a vast majority of the capital in its two funds to a single sub-advisor, Brian Khan, who lost a substantial, if not the entire, amount of that capital after his high-risk investments sunk in the market turmoil of February and March, 2020.

8.      On information and belief, Prophecy has initiated arbitration against Khan because Khan maintained insufficient capital to cover his losses and has refused to reimburse the Prophecy funds for the losses he incurred as a sub-advisor.

9.      In addition, Prophecy's auditors, Deloitte and Touche, withdrew their audits for 2018, and no audits have been certified for 2019 or 2020.

10.     All the respective funds, including First Landing Fund, Prophecy Trading Advisors, and Prophecy Special Opportunities Fund, have suspended all redemptions to investors for at least a year.

11.     In addition, First Landing Fund and Vantage Consulting Group sued the Prophecy entities in 2020 in Delaware Court of Chancery for failing to provide basic information about the status of the respective funds. *See First Landing Fund LLC et al. v. Prophecy Trading Advisors GP, LLC et al.*, C.A. No. 2020-0518-PAF (Del. Ch.).  That lawsuit was apparently settled under a confidentiality agreement that, on information and belief, provides Vantage Consulting Group and another investment advisor, Indie Asset Management, rights to information about the Khan arbitration, among other things.  Vantage Consulting Group and Indie Capital Advisors have refused to disclose any information to Plaintiff about the terms of settlement or Khan arbitration, citing confidentiality.

12.     On information and belief, substantially all of Plaintiff's investment in First Landing Fund and the Prophecy funds, which totals more than $4 million, has been lost through Defendants' respective breaches of their duties and misrepresentations in connection with these related investments, including their respective failures to monitor and manage portfolio risk as represented in the offering documents.

## II.   JURISDICTION AND VENUE

13.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, as well as under applicable state law.

14.     This Court has jurisdiction in this action pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, and the supplemental jurisdiction of this Court.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and Section 22 of the Securities Act of 1933, 15 U.S.C. § 77v(a).

15.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants regularly conduct business, including business related to the management of investor funds, in the State of New York.

16.     Venue is proper in this judicial district pursuant to Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v; and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

17.     Venue is also proper in this judicial district pursuant to the Plaintiff's contract with Defendant First Landing Fund, LLC, which provides in relevant part:

> [a]ny dispute arising between a Member on the one hand and the Company, the Manager and/or any other Covered person on the other hand shall be brought exclusively either in any court of the State of Delaware or the United States District Court, in each case located in the City of Wilmington in the State of Delaware, or in any court of the [State of New York or the United States District Court, in each case located in New York City in the State of New York].

(Exhibit 1 (First Landing Fund, LLC Amended and Restated Limited Liability Company Agreement, p. 51 ¶ 10.17(a)) (brackets in the original)).

18.     Likewise, venue is proper pursuant to Plaintiff's contract with Defendant Prophecy Special Opportunities Fund, LP, which provides in relevant part:

> The parties irrevocably consent to being served with legal process issued from the state and federal courts located in the State of New York and irrevocably consent to the exclusive personal jurisdiction of the federal and state courts situated in the State of New York.

(Exhibit 2 (Amended and Restated Limited Partnership Agreement of Prophecy Special Opportunities Fund, LP, Section 14.05)).

19.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district as, among other things, the Prophecy funds are managed from their offices in New York, New York.

20.     In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, electronic communications, interstate telephone communications, and the facilities of the national securities markets.

### III.   PARTIES

21.     Plaintiff, IMG Memorial Fund 1, LLC, is an Indiana limited liability company with its principal place of business in Buckingham, Pennsylvania.

22.     Defendant, First Landing Fund, LLC, is a Delaware limited liability company with its principal place of business at 3500 Pacific Avenue, Virginia Beach, VA 23451.

23.     Defendant, Vantage Consulting Group, Inc., is a Virginia corporation and registered investment advisor with the Securities and Exchange Commission.  It served as the investment advisor for the First Landing Fund, among others, and maintained its principal place of business at 3500 Pacific Ave, Virginia Beach, VA 23451.

24.     Defendant, Mark T. Finn, is the Chairman and Chief Executive Officer of Vantage Consulting Group, and, at all times, was responsible for the risk management of capital invested in the First Landing Fund, among other things.  On information and belief, Mr. Finn exercises co-control over the First Landing Fund with David P. Schippers.  Mr. Finn is, on information and belief, a citizen of the State of Virginia.

25.     Defendant, David P. Schippers, oversees the fund operations of First Landing Fund.  On information and belief, Mr. Schippers exercises co-control over the First Landing Fund with Mark T. Finn.  Mr. Schippers is, on information and belief, a citizen of the State of Virginia.

26.     Defendant, Prophecy Special Opportunities Fund, LP, is a Delaware limited partnership and serves as a vehicle for pooling investment capital.  Its principal place of business is 641 Lexington Avenue, 13th Floor, New York, NY 10022.

27.     Defendant, Prophecy Special Ops GP, LLC, is a Delaware limited liability company and general partner of Prophecy Special Opportunities Fund, LP.  Its principal place of business is 641 Lexington Avenue, 13th Floor, New York, NY 10022.  Prophecy Trading Special Ops GP is, on information and belief, owned and managed by Jeffrey Spotts.

28.     Defendant, Jeffrey Spotts, is the principal architect of the Prophecy funds, manages the Prophecy funds at the representative for the respective general partners and/or general managers, is responsible for all representations made in connection with those funds, and is responsible for ensuring that the risk controls of the funds complied with representations made to investors, among other things. Mr. Spotts is, on information and belief, a citizen of the State of New Jersey.

#### IV.   GENERAL ALLEGATIONS

##### A.   JOINT VENTURE OF PROPHECY AND VANTAGE

29.     Prophecy Trading Advisors is an investment fund focused on allocating capital to sub-advisors through its proprietary trading platform. Each sub-advisor implements his or her own proprietary investment strategies.  The goal of the platform is to "develop a diversified portfolio of sub-advisors that generate consistent returns, while achieving a favorable risk/reward dynamic for fund investors." (*See* Exhibit 3 (Prophecy Trading Advisors summary)).

30.     In terms of generating returns, Prophecy Trading Advisors shared in positive returns with sub-advisors, while allocating losses directly to the sub-advisors' own capital.  (*Id.*) This was referred to as a "first loss" investment program that supposedly eliminated risk by placing the risk on the sub-advisors.

31.     Regarding risk management, Prophecy Trading Advisors purportedly provided the following controls to ensure that it did not incur losses:

> Risk management is achieved through a multi-level approach.  A diligent sub-advisor selection process is conducted by Prophecy's Investment Committee (the "IC").  The IC is comprised of senior executives and risk personnel who evaluate each strategy.  The IC avoids investments deemed too volatile, too illiquid or lacking in risk management.  Trading risk is monitored and enforced by a dedicated in-house risk desk that has intra-day operational command over the national allocations of each sub-advisor.  The desk operates with real-time systematic controls that mitigate trade execution risk for each sub-advisor and also conducts back-end analysis to monitor market risk on each sub-advisors current portfolios.

(*Id.*)

32.     Prophecy Trading Advisors GP, LLC, is the general partner to Prophecy Trading Advisors.  The general partner is managed and controlled by Jeffrey Spotts.

33.     First Landing Fund was formed in 2015 by Vantage Consulting Group as a vehicle for raising capital for Prophecy Trading Advisors.  All money invested in First Landing

Fund was ultimately invested in Prophecy Trading Advisors for use on the first-loss trading platform.  In other words, First Landing Fund was a feeder fund to Prophecy Capital Advisors.

34.     Vantage Consulting Group is the managing member for First Landing Fund. Vantage Consulting Group was entitled to split all management fees, after deducting for marketing expenses, with the general partner for Prophecy Trading Advisors.  These shared management fees were generated based on the net asset value of money invested through the First Landing Fund.

35.     First Landing Fund's summary described the investment in Prophecy Trading Advisors, including the purpose and business model, in the same language used by the summary provided for Prophecy Trading Advisors.  (*See* Exhibit 4 (First Land Fund summary)).

36.     Regarding the risks of the investment, First Landing Fund claimed that Prophecy Trading Advisors' general partner and First Landing Fund's managing member each take responsibility for monitoring risk.  Specifically, the First Landing Fund summary provides in relevant part:

> Risk management is a core part of both the First Landing and the Prophecy Funds. Prophecy sits at the center of the distributed trading platform and is responsible for sourcing new managers, distributing capital, risk management, and reporting. The distributed trading platform allows Prophecy to set and adjust risk and position limits and control each manager's trading allocation.  Prophecy's experienced risk management team is responsible for real-time monitoring of the individual managers and their strategies.  This includes compliance with the terms of each manager's allocation including portfolio construction, allowable position sizes, and types of permitted investments.
>
> The Vantage First Landing Fund offers risk monitoring oversight in addition to Prophecy's risk enforcement without the imposition of additional management or incentive fees.  Vantage draws on its decades of experience in pension consulting to perform fund-level over-sight and risk monitoring analytics.

(*Id.*)

37.     In addition, the First Landing Fund summary provides: "Each trader is required to have 'first-loss' capital (held in a separate account administered by Mitsubishi UFJ Fund Services), and in return receive a higher proportion of their trading profits.  []  This innovative first-loss structure is designed to protect investors from trading losses while capturing a portion of the trading profits."  (*Id.* p.3).

38.     Vantage Consulting Group committed, in its summary of the First Landing Fund investment, to provide "critical risk monitoring overlay at the portfolio level without additional fees."  (*Id.* p.4).

39.     Moreover, as written, the investment summary for First Landing Fund makes it appear as though all losses will be covered by the 'first-loss' structure.  Among other things, the summary provides: "To the extent there are any losses in a manager's portfolio, capital will be transferred to the Platform from the manager's separate cash account.  Managers are required to replenish their escrow account for any losses or the platform reduces their allocated capital to maintain an appropriate backstop."  (*Id.* p.10.)  The summary also states: "The platform's risk desks closely monitor each portfolio manager's positions to maintain an adequate buffer, preventing the Platform from incurring losses."  (*Id.*)

40.     Vantage claimed that returns from the First Landing Fund and Prophecy Trading Advisors had virtually no correlation to the broader markets.  (*Id.* p.11.)

41.     Just as important, on Page 12 of the First Landing Fund summary, Vantage Consulting Group claimed that an investment advisor's position would be liquidated prior to exceeding the 10% first-lost 'backstop.'  (*Id.* p.12.)  Indeed, the prospectus for First Landing Fund provides:

> If a Prophecy Account Manager breaches a pre-determined contractual loss limits with respect to a Prophecy Account, such Prophecy Account will be closed until

such Prophecy Account Manager adds new personal capital into the Prophecy Account or the Prophecy Account will be de-leveraged by the Prophecy Investment Manager."

(Exhibit 5, (First Landing Fund Offering Memorandum, p.33)).

42.     Vantage Consulting Group also claimed to perform a quantitative factor attribution analysis, to maintain a monthly crash risk rating, and to algorithmically detect any significant collective erosion of manager skill or increased downside risk to the portfolio.  (*See* Exhibit 4 (Summary, p.13)).

43.     In 2015, at least 60 portfolio managers had purportedly accepted offers to join the Prophecy Trading Advisors platform.  (*Id.* p.17.)

44.     By virtue of agreeing to share in the management fees, and agreeing to co-oversee the risk strategies associated with the investments, Vantage Consulting Group and Prophecy Trading Advisors GP entered into a joint venture to market and operate the investments made through First Landing Fund and Prophecy Trading Advisors.

45.     According to the First Landing Fund prospectus, Mark T. Finn and David Schippers managed and controlled Vantage Consulting Group with respect to all aspects of the creation and operation of the First Landing Fund investment.  (*See* Exhibit 5 (Summary, p.25)).

**B.     PROPHECY SPECIAL OPPORTUNITY FUND**

46.     Prophecy Special Opportunities Fund is a fund set up by Jeffrey Spotts in 2018. This fund had the same general business model as Prophecy Trading Advisors, but supposedly offered investors access to a more select group of sub-advisors (who were presumably different from those selected to work with the Prophecy Trading Advisors fund). The investment had no "first-loss" collateral requirement, however.  (*See* Exhibit 6 (Prophecy Special Opportunities Fund, L.P. summary)).

47.     Because there was no first-loss capital requirement, Prophecy Special Opportunities Fund was effectively riskier (on paper) than Prophecy Trading Advisors.  No comparison was made between the two investments in the summary, however, and the 'hypothetical return' reflected in the summary sheet for Prophecy Special Opportunities Fund was misleading in that it was selected to reflect the best historical outcome rather than a realistic outcome based on the sub-advisors' strategies.  (*Id.*)

48.     The general partner of Prophecy Special Opportunities Fund was Prophecy Special Ops GP, LLC, which was controlled and managed by Jeffrey Spotts as the managing member.

49.     Like the Prophecy Trading Advisors fund, this fund promised to control for risk by, among other things, doing the following: "The [Investment Committee] avoids investments deemed too volatile, too illiquid or lacking general risk management. Risk is monitored and enforced by a dedicated in-house risk desk that has transparency on allocations of each sub-advisor.  The desk operates with systematic controls that mitigate risk for each sub-advisor and also conducts back-end analysis to monitor risk on each sub-advisors' current portfolios." (*Id.*)

### C.     PLAINTIFF'S INVESTMENTS IN PROPHECY AND FIRST LANDING

50.     In reliance on the representations in the First Landing Fund summary and offering memorandum, among other things and along with the advice of an investment advisor, which were provided to Plaintiff's representative in advance of making the investment decision, Plaintiff invested $2.6 million in the First Landing Fund in or around the Fall of 2017.  First Landing Fund directed Plaintiff's funds into Prophecy Trading Advisors in order to seed first-loss trading by sub-advisors.

51.     In reliance on the representations in the Prophecy Special Opportunities Fund summary and offering memorandum, among others, which were provided to Plaintiff's representative in advance of making the investment decision, Plaintiff invested $900,000 in the Prophecy Special Opportunities Fund, LP in or around the Fall of 2019.

52.     Plaintiff indirectly holds additional interests in First Landing Fund, Prophecy Trading Advisors, and Prophecy Special Opportunities Fund, by and through its interests in several other fund-to-fund investments.  Those investments were made between 2018 and 2020.

53.     In total, Plaintiff has interests in excess of $4 million with the two Prophecy funds and First Landing Fund.

**D.     THE UNRAVELING OF THE PROPHECY / FIRST LANDING INVESTMENTS**

54.     In August, 2019, Brenda Smith, a sub-advisor to the two Prophecy funds, was arrested and jailed for running a multi-million dollar Ponzi scheme.  She was also charged by the Securities and Exchange Commission with civil violations.

55.     Jeffrey Spotts claimed, on behalf of the Prophecy funds and its managers/general partners, that no money was lost through Smith's fraud.  This representation appears to be false because, as discussed below, Deloitte & Touche LLP later withdrew its 2018 audit after learning of this issue, among other reasons.

56.     Then, on information and belief, during the market turmoil in February and March of 2020, Brian Khan, as a sub-advisor to both Prophecy funds, lost hundreds of millions of dollars.

57.     On March 31, 2020, Jeffrey Spotts informed all Prophecy investors that Deloitte & Touche LLP had resigned and withdrawn all audit opinions regarding the 2018 audits.  (*See*

Exhibit 7).  In connection with disclosing that information, Spotts suspended all redemptions for all Prophecy funds, preventing investors from exiting their investments.  (*Id.*)

58.     On the same date, Vantage Consulting Group, on behalf of First Landing Fund, also sent a letter noting the intent to suspend redemptions (as its funds were invested in Prophecy Trading Advisors).  (*See* Exhibit 8).  That plan was confirmed a week later by correspondence dated April 6, 2020 and affirmed again on April 29, 2020.  (*See* Exhibits 9 and 10).

59.     On July 6, 2020, Spotts sent an update that, among other things, continued the suspension of redemptions and discussed an arbitration with a sub-advisor.  On information and belief, that arbitration was initiated by Prophecy Trading Advisors and/or Prophecy Special Opportunities Fund against Brian Khan for significant losses incurred by Khan that he has failed or refused to reimburse to Prophecy Trading Advisors and/or Prophecy Special Opportunity Fund.  (*See* Exhibit 11).  A similar update was sent on August 1, 2020.  (*See* Exhibit 12).

60.     On September 10, 2020, Spotts sent an alarming email to investors that indicated that Prophecy and First Landing Fund had completely failed in their respective obligations to monitor—in real-time—sub-advisor investments and, in the case of the Prophecy Trading Advisors Fund, to ensure that stop-losses were exercised.  Specifically, Spotts indicated that the 'first-loss' collateral was "disputed," and further stated the following: "Second, since the sub-advisor has been unwilling or unable to provide monthly statements for certain of the funds' investments as he has in the past, it is impossible to provide an accounting."  (Exhibit 13).

61.     In other words, contrary to representations in the offering documents, including the summaries, neither the Prophecy funds nor First Landing Fund were actually monitoring risks on a daily basis using the proprietary Prophecy trading platform.

-14-

62.     Even more disturbing, in 2020, Vantage Consulting Group sued the Prophecy funds in Delaware state court for failing to turn over basic documentation for inspection.  The (redacted) allegations in that lawsuit — in both the complaint and trial brief filed by Vantage Consulting Group — show that Vantage Consulting Group performed none of the oversight that it represented it would do in the offering documents, and also made it clear that Prophecy was not monitoring for risk, was involved in interested-party transactions, that Spotts had a personal relationship with Brenda Smith that caused him to violate Prophecy's risk procedures, that Prophecy over-allocated risk to Brian Khan in violation of its own policies, that First Landing and Prophecy had no real-time access to review specific investments by sub-advisors, and that Prophecy Trading Advisors failed to maintain adequate 'first-loss' collateral for Khan and Smith (and perhaps others) to prevent losses beyond the posted 'first loss' collateral.  *See* Exhibit 14 (redacted Complaint) and Exhibit 15 (redacted Trial Brief).

63.     In other words, the specific representations by First Landing and Prophecy used to induce Plaintiff's investments about real-time risk monitoring, diversification, a lack of correlation to the broader markets, and stop losses that ensured that capital was preserved, were all false.

64.     All fund redemptions have been frozen since March 2020.  Plaintiff has made a demand to redeem his shares in the respective funds, but that demand was denied.

65.     On information and belief, Plaintiff has lost in excess of $4 million from Defendants' violations of applicable law and breaches of trust and their contractual duties.

66.     All conditions precedent to bringing this action have been satisfied or waived.

**COUNT I**
**Violation of Section 10(b) of the**
**1934 Securities and Exchange Act and Rule 10b-5 (17 C.F.R. § 240.10b-5)**

67.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68.     This is a claim for damages against First Landing Fund and Vantage Consulting Group for violation of Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 77, and Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5.

69.     First Landing Fund and Vantage Consulting Group employed a fraudulent scheme whereby their misrepresentations and omissions of material facts to Plaintiff, relating to the summary and offering memorandum for First Landing Fund, induced Plaintiff to invest $2.4 million directly into the First Landing Fund.

70.     These defendants used means or instrumentalities of interstate commerce, including but not limited to the mails and telephone communications, to engage in acts, practices or a course of business, which operated as a fraud and deceit upon Plaintiff.

71.     These defendants' intentional misrepresentations included, but were not limited to, the following: (1) that the distributed trading platform of Prophecy Trading Advisors allowed its general partner to adjust risk and position limits and control each sub-advisor's trading allocation; (2) that Prophecy's general partner engaged in real-time risk monitoring, including ensuring compliance with portfolio construction, allocation, allowable position sizes, and types of permitted investments; (3) that Vantage Consulting Group performed risk monitoring oversight; (4) that the fund was protected against any losses by the 'first loss' structure, including collateral posted by sub-advisors and the ability the liquidate the sub-advisor's position if a predetermined level of loss was reached; (5) that Vantage Consulting Group performed a

quantitative factor attribution analysis on the Prophecy Trading Advisors portfolio, among other things, to analyze risk; and (6) that the Prophecy Trading Advisors portfolio was uncorrelated to the broader equity market returns.

72.     These representations to Plaintiff in the First Landing Fund summary, among other things, were false.  Indeed, the correspondence discussed herein from 2020, along with the allegations in the Delaware action by First Landing Fund, show that there was a complete lack of risk controls, real-time monitoring, real-time control to exercise stop-loss, or that the First Landing Fund was protected against losses through the 'first loss' structure.

73.     The representations were material to Plaintiff's decision to invest in the First Landing Fund.

74.     These defendants made theses untrue statements of material fact and omissions, as alleged herein, with the intention of inducing Plaintiff to invest in the First Landing Fund, in which Plaintiff did invest.

75.     First Landing Fund and Vantage Consulting Group knew that Plaintiff relied upon their material misrepresentations and omissions in making the decision to invest millions of dollars in First Landing Fund.

76.     The securities (i.e., units of interest as a limited partner) purchased by Plaintiff in First Landing Fund pursuant to the First Landing Fund summary and offering memorandum were not registered under the 1933 Federal Securities Act.

77.     Plaintiff would not have agreed to purchase the securities and invest in First Landing Fund but for the misleading and false statements of Vantage Consulting Group and First Landing Fund.

78.     Vantage Consulting Group and First Landing Fund's false statements were made with scienter, as these Defendants knew that the false statements were required to attract capital from Plaintiff and other investors that would otherwise see the investment as risky, speculative, and laden with fees-upon-fees that make this type of investment generally unattractive.

79.     As a direct and proximate result of Vantage Consulting Group's and First Landing Fund's intentionally wrongful conduct, Plaintiff suffered damages in connection with the losses, or complete loss, in its investment in the First Landing Fund.

WHEREFORE, Plaintiff demands judgment against Vantage Consulting Group and First Landing Fund, jointly and severally, for damages, pre- and post-judgment interest, costs, and any further relief this Court deems just and proper.

## COUNT II
### Violation of Section 20(a) of the 1934
### Securities and Exchange Act (15 U.S.C. § 78t)

80.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

81.     This is a claim for damages against Mark T. Finn and David Schippers for violation of Section 20(a) of the 1934 Securities and Exchange Act, 15 U.S.C. § 78t.

82.     Defendants Vantage Consulting Group and/or First Landing Fund violated Section 10(b) of the 1934 Exchange Act and Rule 10b-5, as set forth in Count I, which is incorporated herein.

83.     Messrs. Finn and Schippers had the power to control, and did control, the general business affairs of Vantage Consulting Group and First Landing Fund.

84.     In addition, Messrs. Finn and Schippers had the requisite power to directly and/or indirectly control and make all representation related to the First Landing Fund investment on

behalf of that Fund and Vantage Consulting Group, including the false representations identified herein that were made to Plaintiff in order to induce its investment in First Landing Fund.

85.     As a direct and proximate result of these individual defendants' wrongful conduct as control individuals over First Landing Fund and Vantage Consulting Group, Plaintiff suffered damages in connection with its investment in the First Landing Fund.

WHEREFORE, Plaintiff demands judgment against Mark T. Finn and David Schippers, jointly and severally, for actual damages, pre- and post-judgment interest, costs, and any further relief this Court deems just and proper.

### COUNT III
### Violation of Section 10(b) of the
### 1934 Securities and Exchange Act and Rule 10b-5 (17 C.F.R. § 240.10b-5)

86.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

87.     This is a claim for damages against Prophecy Special Opportunities Fund, LP and Prophecy Special Ops GP, LLC for violation of Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 77, and Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5.

88.     Prophecy Special Opportunities Fund, LP and Prophecy Special Ops GP, LLC employed a fraudulent scheme whereby their misrepresentations and omissions of material facts to Plaintiff relating to the summary and offering memorandum for First Landing Fund, induced Plaintiff to invest $900,000 directly into the First Landing Fund.

89.     These Defendants used means or instrumentalities of interstate commerce, including but not limited to the mails and telephone communications, to engage in acts, practices or a course of business, which operated as a fraud and deceit upon Plaintiff.

90.     These Defendants' intentional misrepresentations included, but were not limited to, making the following statement in the Fund summary: "The [Investment Committee] avoids investments deemed too volatile, too illiquid or lacking general risk management. Risk is monitored and enforced by a dedicated in-house risk desk that has transparency on allocations of each sub-advisor.  The desk operates with systematic controls that mitigate risk for each sub-advisor and also conducts back-end analysis to monitor risk on each sub-advisors' current portfolios."

91.     In addition, Defendants intentionally misrepresented the lack of volatility and/or correlation between the Prophecy Special Opportunities Fund and the broader market using a hypothetical performance record based on a strategy that Defendants did not ensure was followed after the Prophecy Special Opportunities Fund was established.

92.     These representations made to Plaintiff in the offering documents were false. Among other things, the correspondence from 2020, along with the allegations in the Delaware action filed by First Landing Fund against the Prophecy Special Opportunities Fund, show that there was a complete lack of risk controls or ability to monitor risk or exercise stop-losses. Further, Defendants did not ensure that the investments by sub-advisors were transparent or liquid, and had no means of implementing systematic risk controls or ability to "back end analyze" each sub-advisor's portfolio.

93.     The representations were material to Plaintiff's decision to invest in the Prophecy Special Opportunities Fund.

94.     These Defendants made theses untrue statements of material fact and omissions, as alleged herein, with the intention of inducing Plaintiff to invest in the Prophecy Special Opportunities Fund, in which Plaintiff did invest.

95. Prophecy Special Opportunities Fund, LP and Prophecy Special Ops GP, LLC knew that Plaintiff relied upon their material misrepresentations and omissions in making the decision to invest in Prophecy Special Opportunities Fund, LP.

96. The securities (i.e., units of interest as a limited partner) purchased by Plaintiff in Prophecy Special Opportunities Fund pursuant to its summary and offering memorandum were not registered under the 1933 Federal Securities Act.

97. Plaintiff would not have agreed to purchase the securities and invest in Prophecy Special Opportunity Fund but for the misleading and false statements of the Fund and of Prophecy Special Ops GP, LLC.

98. Prophecy Special Opportunities Fund, LP and Prophecy Special Ops GP, LLC's false statements were made with scienter, as these defendants knew that the false statements were required to attract capital from Plaintiff and other investors that would otherwise see the investment as risky, speculative, and laden with fees-upon-fees that make this type of investment generally unattractive.

99. As a direct and proximate result of Prophecy Special Opportunities Fund, LP and Prophecy Special Ops GP, LLC's intentionally wrongful conduct, Plaintiff suffered damages in connection with the losses, or complete loss, in its investment in the First Landing Fund.

WHEREFORE, Plaintiff demands judgment against Prophecy Special Opportunities Fund, LP and Prophecy Special Ops GP, LLC, jointly and severally, for actual damages, pre- and post-judgment interest, costs, and any further relief this Court deems just and proper.

<u>COUNT IV</u>
<u>Violation of Section 20(a) of the 1934</u>
<u>Securities and Exchange Act (15 U.S.C. § 78t)</u>

100.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

101.   This is a claim for damages against Jeffrey Spotts for violation of Section 20(a) of the 1934 Securities and Exchange Act, 15 U.S.C. § 78t.

102.   Defendants Prophecy Special Opportunities Fund, LP and Prophecy Special Ops GP, LLC, violated Section 10(b) of the 1934 Exchange Act and Rule 10b-5, as set forth in Count III, which is incorporated herein.

103.   Mr. Spotts had the power to control, and did control, the general business affairs of Prophecy Special Opportunities Fund, LP and Prophecy Special Ops GP, LLC.

104.   In addition, Mr. Spotts had the requisite power to directly and/or indirectly control and make all representation related to the Prophecy Special Opportunities Fund investment on behalf of that Fund and Prophecy Special Ops GP, LLC, including the false representations identified herein made to Plaintiff in order to induce its investment in the Prophecy Special Opportunities Fund.

105.   As a direct and proximate result of Mr. Spotts' wrongful conduct as a control person for Prophecy Special Opportunity Fund, LP and Prophecy Special Ops GP, LLC, Plaintiff was induced to make its investment in Prophecy Special Opportunities Fund and has suffered damages in connection with that investment.

WHEREFORE, Plaintiff demands judgment against Jeffrey Spotts for actual damages, pre- and post-judgment interest, costs, and any further relief this Court deems just and proper.

## COUNT V
### Breach of Fiduciary Duty

106.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 and 71 through 73 as if fully set forth herein.

107.    This is a claim against Vantage Consulting Group for breach of fiduciary duty.

108.    As the managing member to, and investment advisor of, the First Landing Fund, Vantage Consulting Group owed the other members of First Landing Fund, including Plaintiff, a fiduciary duty.

109.    Vantage Consulting Group breached that fiduciary duty by failing to ensure and/or implement the risk controls and analysis, and portfolio oversight, discussed in the summary of First Landing Fund.   Indeed, Vantage Consulting Group was effectively in the dark about how Prophecy Trading Advisors' portfolio was allocated or what risks the portfolio created, and did not take reasonable steps to learn and manage those risks.

110.    The cumulative and gross misrepresentations by Vantage Consulting Group in the summary of the First Landing Fund profile, as set forth herein (including paragraphs 71 through 73 of Count I), were either (1) intentional or (2) a gross deviation from the standard of conduct that a reasonable investment advisor would observe, constituting a wanton, willful, and/or conscious disregard for the rights of Plaintiff.

111.    Plaintiff has been damaged by Vantage Consulting Group's breaches in the loss of up to $2.4 million in invested capital and lost opportunity profits, among other things.

WHEREFORE, Plaintiff demands judgment against Vantage Consulting Group for actual and consequential damages, punitive damages, pre- and post-judgment interest, costs, and any further relief this Court deems just and proper.

## COUNT VI
### Breach of Fiduciary Duty

112.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 and 90 through 92 as if fully set forth herein.

113.    This is a claim against Prophecy Special Ops GP, LLC for breach of fiduciary duty.

114.    As the general partner and investment advisor for Prophecy Special Opportunity Fund, Prophecy Special Ops GP, LLC owed the limited partners of Prophecy Special Opportunity Fund, including Plaintiff, a fiduciary duty.

115.    Prophecy Special Ops GP, LLC breached that fiduciary duty by failing to ensure and/or implement the risk controls, including screening of investments deemed too volatile, illiquid, or lacking general risk management.  It also breached the duty by failing to monitor the sub-advisor's portfolios or even maintain transparency over those portfolios.  In addition, it breached the duty by failing to implement systematic risk controls that mitigate for risk and to conduct back-end testing to monitor each sub-advisor's risks.

116.    The cumulative and gross misrepresentations by Prophecy Special Ops GP, LLC in the summary of the Prophecy Special Opportunities Fund profile, as set forth herein (including paragraphs 88 through 92 of Count III), were either (1) intentional or (2) a gross deviation from the standard of conduct that a reasonable investment advisor would observe, constituting a willful, wanton, and/or conscious disregard for the rights of Plaintiff.

117.    Plaintiff has been damaged by Prophecy Special Ops GP, LLC's breaches in the loss of up to $900,000.00 in invested capital and lost opportunity profits, among other things.

WHEREFORE, Plaintiff demands judgment against Prophecy Special Ops GP, LLC for actual and consequential damages, punitive damages, pre- and post-judgment interest, costs, and any further relief this Court deems just and proper.

## COUNT VII
## Grossly Negligent Misrepresentation

118.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 and 71 through 73 as if fully set forth herein.

119.    This is a claim for grossly negligent misrepresentation against Vantage Consulting Group.

120.    Vantage Consulting Group had a duty to provide accurate information about the First Landing Fund investment to its prospective investors, including Plaintiff.

121.    Vantage Consulting Group supplied false information, as discussed above and in Count I, the relevant paragraphs of which are incorporated herein by reference.

122.    Vantage Consulting Group failed to exercise reasonable care in ensuring the summary of the First Landing Fund accurately conveyed the risk controls exercised by the Prophecy Trading Advisors fund, among other things.

123.    Plaintiff has suffered a financial loss caused by the reasonable and justifiable reliance on the false information regarding the risk profile of the First Landing Fund.

124.    The false statements constitute a breach of trust or confidence placed by Plaintiff in Vantage Consulting Group, as the Fund manager, and a gross and/or extreme deviation from the standard of conduct that an investment advisor should observe.

WHEREFORE, Plaintiff demands judgment against Vantage Consulting Group for actual and consequential damages, punitive damages, pre- and post-judgment interest, costs, and any further relief this Court deems just and proper.

## COUNT VIII
## Grossly Negligent Misrepresentation

125.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 and 90 through 92 as if fully set forth herein.

126.     This is a claim for grossly negligent misrepresentations against Prophecy Special Ops GP, LLC.

127.     Prophecy Special Ops GP, LLC had a duty to provide accurate information about the Prophecy Special Opportunity Fund investment to its prospective investors, including Plaintiff.

128.     Prophecy Special Ops GP, LLC supplied false information, as discussed above and in Count III, the relevant paragraphs of which are incorporated herein by reference.

129.     Prophecy Special Ops GP, LLC failed to exercise reasonable care in ensuring the summary of the Prophecy Special Opportunities Fund accurately conveyed the risk controls exercised by the Fund's general partner, among other things.

130.     Plaintiff has suffered a financial loss caused by the reasonable and justifiable reliance on the false information regarding the risk profile of Prophecy Special Opportunities Fund.

131.     The false statements constitute a breach of trust or confidence placed by Plaintiff in Prophecy Special Ops GP, LLC, as the Fund manager, and a gross deviation from the standard of conduct that an investment advisor should observe.

WHEREFORE, Plaintiff demands judgment against Prophecy Special Ops GP, LLC for actual and consequential damages, punitive damages, pre- and post-judgment interest, costs, and any further relief this Court deems just and proper.

Respectfully submitted this 14th day of April, 2021.

**SILVER LAW GROUP**

*/s/ Scott L. Silver*
Scott L. Silver
NY Bar No. 2829968
Ryan Schwamm
(*pro hac vice* to be submitted)
229 West 36th Street, 8th Floor
New York, NY 10018
T: (212) 377-5227
F: (954) 755-4684
E-mail: ssilver@silverlaw.com
rschwamm@silverlaw.com
rfeinberg@silverlaw.com
*Counsel for Plaintiff*

**WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC**

*/s/Aaron M. Cohn*
Aaron M. Cohn
(*pro hac vice* to be submitted)
Theodore J. O'Brien
(*pro hac vice* to be submitted)
Weinberg Wheeler Hudgins
Gunn & Dial, LLC
3350 Virginia Street, Ste. 500
Miami, FL 33133
T: (305) 455-9500
F: (305) 455-9501
E-mail: acohn@wwhgd.com
tobrien@wwhgd.com
dmallqui@wwhgd.com
malvarez@wwhgd.com
*Counsel for Plaintiff*

**GIBBS LAW GROUP LLP**

*/s/ Michael Schrag*
Michael Schrag
(*pro hac vice* to be submitted)
505 14th Street, Suite 1110
Oakland, CA 94612
T: (510) 350-9700
F: (510) 350-9701
E-mail: mls@classlawgroup.com
*Counsel for Plaintiff*

**COHEN & MALAD, LLP**

*/s/ Lynn A. Toops*
Lynn A. Toops
(*pro hac vice* to be submitted)
One Indiana Square, Suite 1400
Indianapolis, IN 46204
T: (317) 636-6481
F: (317) 636-2593
E-mail: ltoops@cohenandmalad.com
*Counsel for Plaintiff*