```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
IMG MEMORIAL FUND 1, LLC,                      :
                              Plaintiff,       :
                                               :        21 Civ. 3263 (LGS)
                  -against-                    :
                                               :              ORDER
FIRST LANDING FUND, LLC, et al.,               :
                              Defendants.      :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 18, 2022, the Court issued an Opinion and Order (the "Opinion") denying Defendants' motion to dismiss.

WHEREAS, the Opinion found that the Complaint sufficiently alleges securities fraud under § 10b(b) and Rule 10b-5 against Defendants Vantage, First Landing, Prophecy LP and Prophecy GP and violations of § 20(a) against Defendants Finn, Schippers and Spotts.

WHEREAS, Prophecy LP, Prophecy GP and Jeffrey Spotts (collectively, the "Prophecy Defendants") filed a motion for reconsideration, or in the alternative, a motion seeking certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

WHEREAS, a motion for reconsideration should be granted "only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at

the apple." *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, the Prophecy Defendants argue that the following portion of the Opinion is contrary to Second Circuit law: "The Complaint alleges that Prophecy GP and Prophecy LP stated or disseminated statements that they had transparency into subadvisors' accounts and controlled for risks, while knowing that those statements were not true. By virtue of their roles, both Prophecy GP and Prophecy LP knew or should have known the facts related to the operation of the platform and any limitations on their control of sub-advisors and risks related to sub-advisors' trading strategies."

WHEREAS, the motion is denied because the Prophecy Defendants do not identify any change of controlling law, any new evidence, or the need to correct a clear error or prevent injustice. "It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]" *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Pro. Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (internal quotation marks omitted) (summary order); *see also Tonga Partners, L.P.*, 684 F.3d at 52; *Mader v. Experian Info. Sols., LLC*, No. 19 Civ. 3787, 2020 WL 5416337, at *1 (S.D.N.Y. Sept. 3, 2020).

WHEREAS, the motion is also denied on the merits. The Second Circuit case law the Prophecy Defendants cite is not applicable here. In *Cox v. Blackberry Ltd.*, 660 F. App'x 23 (2d

Cir. 2016) (summary order), the Second Circuit affirmed the district court's dismissal of the complaint, reasoning that the district court was correct not to impute scienter to defendant employees simply because they were in high-ranking positions and had profit incentives. *Id.* at *25. Similarly, in *Jackson v. Abernathy*, 960 F.3d 94 (2d Cir. 2020), the Second Circuit held that, while the complaint alleges facts tending to show that rank-and-file employees knew of the misrepresented fact, the complaint did not allege sufficiently particularized facts to impute scienter to the senior executives whose knowledge could then be imputed to the corporate defendant. *Id.* at 99.

WHEREAS, in contrast, the Opinion did not impute, nor did the Complaint allege, Prophecy's scienter merely based on an employee's "position or status." The phrase "by virtue of their roles" does not refer to Prophecy's agent's rank or title within the corporation. The phrase refers to Prophecy GP and Prophecy LP's active role in disseminating allegedly false information about "the operation of the platform and any limitations on their control of sub-advisors and risks related to sub-advisors' trading strategies." Defendant Spotts' email, allegations in the Delaware lawsuit and Prophecy's motive together "constitute strong circumstantial evidence of conscious misbehavior or recklessness" and "show that defendants had both motive and opportunity to commit fraud." *Set Cap. LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 78 (2d Cir. 2021). The Complaint sufficiently alleges scienter.

WHEREAS, the Prophecy Defendants, in the alternative, seek certification for an interlocutory appeal. A district judge may certify a non-final order for interlocutory appeal, if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Prophesy Defendants have

raised no such controlling question of law.  It is hereby

**ORDERED** that the Prophecy Defendants' motion for reconsideration and, in the alternative, certification for interlocutory appeal are **DENIED**.  It is further

**ORDERED** that the stay of discovery is lifted.  The parties shall appear for an initial pretrial conference on June 1, 2022, at 4:00 P.M.  The parties shall call 888-363-4749 and enter the access code 558-3333.  By May 25, 2022, the parties shall file a joint letter and a proposed case management plan as outlined in the Individual Rules.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 72.

Dated: May 17, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**