UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMG MEMORIAL FUND I, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>FIRST LANDING FUND, LLC, ET AL.,<br><br>            Defendants. | Case No. 21-CV-03263 (LGS)<br><br>So Ordered.<br><br>Dated: July 26, 2022<br>        New York, New York |

## STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**WHEREAS**, Plaintiff IMG Memorial Fund I, LLC brings claims against First Landing Fund, LLC, Vantage Consulting Group, Inc., Mark T. Finn, David P. Schippers Prophecy Special Opportunities, LP, Prophecy Special Ops GP, LLC, and Jeffrey Spotts (collectively, the "**parties**");

**WHEREAS**, certain documents and information may be sought, produced, exhibited or disclosed in this action (the "**Action**") which relate to the parties', their affiliates', or their investors' financial information, personally identifying information, investment and risk monitoring methodologies, competitive information, personnel information, business development strategies, or other kinds of commercially sensitive or otherwise proprietary or personal information, including but not limited to investment analysis and fund administration;

**WHEREAS**, the parties in this Action, through their respective counsel, wish to enter into a protective order preserving the confidentiality of and limiting access to certain documents and information produced by any party and their respective counsel or by any non-party in the course of discovery;

**IT IS HEREBY STIPULATED AND AGREED THAT**:

1.       This Protective Order shall govern the treatment of all documents, the information contained therein, and all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise ("**Documents or Information**"), by any party or other person in this Action including non-parties (the "**Producing Party**") to any other party (the "**Discovering Party**")), when the foregoing are designated by a party (the "**Designating Party**") in accordance with the procedures set forth herein.  This Protective Order is binding upon the parties to the Action, including any party who may join or seek to join this litigation, and including their respective corporate parents, subsidiaries, affiliates, successors and assigns, and their respective attorneys, agents, representatives, officers, employees and others as set forth in this Protective Order.

2.       "**Confidential Information**" as used herein means any Documents or Information that are designated pursuant to this Protective Order as "CONFIDENTIAL" and where a Designating Party or counsel determines in good faith that the Documents or Information constitute confidential, personal, privileged or proprietary information, including but not limited to parties', their affiliates', or their investors' financial information, personally identifying information, investment and risk monitoring methodologies, competitive information, personnel information, business development strategies, or other kinds of commercially sensitive or otherwise proprietary or personal information, or which is of such a sensitive nature that the party believes in good faith that such information could be used to its detriment unless disclosure is restricted to only those persons to whom access is essential for the prosecution or defense of the Action and its use is restricted to the sole and exclusive purpose of resolving the disputed issues of fact and law in this Action.  Documents or Information which are available to the public shall not be designated as "CONFIDENTIAL."

3.     "**Highly Confidential Information**" as used herein means any Documents or Information that are designated pursuant to this Protective Order as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and where a Designating Party or counsel determines in good faith that the Documents or Information contain highly sensitive business information, such as, by way of illustrative example, current business plans, highly sensitive financial or commercial information, confidential regulatory submissions, trade secrets or other highly confidential research, development, or commercial information, the unrestricted disclosure of which could be potentially highly prejudicial to the business or personal affairs of the Designating Party.

4.     Documents or Information shall, if appropriate, be designated as Confidential Information or Highly Confidential Information by marking the first page of the document and each subsequent page thereof containing such Documents or Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," respectively.  Designations shall be made by the Producing Party, except to the extent that any parties or non-parties produce any Documents or Information developed by, pertaining to, or belonging to a party to this action, in which case counsel for such party reserves the right to designate those documents as Confidential Information or Highly Confidential Information pursuant to this Protective Order by providing written notice to the Producing Party, copied to all parties in this action, containing the Bates numbers of the documents to be designated and the corresponding designations.

5.     Counsel for any Designating Party shall have the right to exclude from depositions, other than the deponent and the deponent's counsel, any person who is not authorized by this Protective Order to receive or access Documents or Information based on the designation of such Documents or Information.  Deponents shall not be shown Documents or Information to which they are not entitled pursuant to the terms of this Protective Order.  Disclosures made at a

deposition taken in connection with this Action may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any Designating Party, by:

a.      designating testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record during the taking of the deposition; or

b.      notifying the reporter and all counsel of record, in writing, within twenty (20) business days after receipt of a final and official deposition transcript, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control accordingly.  During the 20-business-day period following receipt of a final deposition transcript, all parties will treat the entire deposition transcript as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

6.      Confidential Information shall not be furnished, shown, distributed, quoted, summarized or disclosed in any way to any person or entity, including at a deposition, except to:

a.      the parties, their officers, directors, and employees, including in-house counsel, as outside counsel for that party deem necessary for the sole purpose of assisting in this Action, subject to compliance with paragraph 12 of this Protective Order;

b.      outside counsel employed by the parties to assist in the Action, as well as the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel;

c.     the personnel supplied by any independent contractor (including litigation support service personnel with whom such attorneys work) in connection with the Action subject to compliance with paragraph 12 of this Protective Order;

d.     any outside consultant or expert who is assisting counsel or a party to whom a party believes it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Action, subject to compliance with paragraph 12 of this Protective Order;

e.     trial or deposition witnesses, who are examined in good faith by counsel with respect to Confidential Information for legitimate discovery or trial purposes, counsel for such witnesses, and any person whom counsel believes in good faith may be a witness in this action and whose examination with respect to Confidential Information may be necessary in connection with that testimony, subject to compliance with paragraph 12 of this Protective Order;

f.     any individual who can reasonably be identified as having sent, drafted, or received the Document or Information, as facially identifiable by the four corners of the Document or Information;

g.     the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action;

h.     stenographic employees and court reporters recording or transcribing testimony relating to the Action; and

i.     any other person agreed to by the parties in writing, and subject to compliance with paragraph 12 of this Protective Order.

7.     Highly Confidential Information shall not be furnished, shown, distributed, quoted, summarized or disclosed in any way to any person or entity, including at a deposition, except to

the persons referred to in Paragraphs 6(b)-6(i) or the Designating Party, but may not be disclosed to persons referred to in Paragraph 6(a) , or to any other person, except as set forth by further written agreement of the Designating Party.

8.      Anyone having knowledge of Confidential Informaton or Highly Confidential Information shall use it only in connection with the prosecution or appeal of the Action and shall not use it for any purpose or disclose it to any party other than those permitted by this Protective Order; provided, however, that this Protective Order in no way restricts anyone's use of information known to him/her unrelated to the disclosures made in this Action and not otherwise subject to a confidentiality requirement existing in contract or at law.   In making copies of Confidential Information or Highly Confidential Information, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those designated persons entitled to access pursuant to the terms of this Protective Order.

9.      Nothing shall prevent disclosure beyond the terms of this Protective Order if all parties consent in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

10.      If any person subject to this Protective Order who has custody of any Confidential Information or Highly Confidential Information receives a subpoena or other process ("**Subpoena**") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give all parties and the Designating Party notice of the same by electronic mail transmission to uindersigned counsel, and shall furnish such counsel with a copy of the Subpoena; provided, however, that should any government Subpoena by its terms limit disclosure of its existence, no such notice of the Subpoena to the Designating Party is required.  Upon receipt of this notice, the Designating Party may, in its sole discretion and

at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Information or Highly Confidential Information, and/or seek to obtain confidential treatment or highly confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Subpoena prior to the date specified for production on the Subpoena.

11.    Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and Highly Confidential Information and will take all reasonable steps to limit access to Confidential Information and Highly Confidential Information to those persons listed in paragraphs 6 and 7 of this Protective Order.  Documents or Information designated pursuant to this Protective Order will be kept in outside counsels' possession and/or in the possession of outside consultants or experts or other persons entitled to receive copies of the documents pursuant to the terms of this Protective Order.

12.    Prior to the disclosure of any Confidential Information or Highly Confidential Information to any person pursuant to the terms of this Protective Order except the Court, its staff, court reporters, and trial witnesses, such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.  A file of all such Certifications shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court *in camera*, or by a party who has reasonable grounds to believe that the terms of this Protective Order may have been violated.

13.     Any Designating Party may redesignate (or withdraw a designation regarding) any Documents or Information that produced during the course of this Action ("**Redesignated Materia**l"), <u>provided</u> that such redesignation shall be effective only as of the date of such redesignation.  Any redesignation, or withdrawal of designations shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal).  Upon receipt of any such notice, counsel of record shall:  (a) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (b) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the effect of such redesignation under this Protective Order; and (c) promptly endeavor to retrieve all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under this Protective Order and have such persons sign on to the Certification attached as Exhibit A hereto.  The parties specifically reserve the right to withdraw any designation on any document or information they designated in this litigation.

14.     Any party may object to the propriety of the designation, redesignation, or lack of designation ("**Objecting Party**") of specific Documents or Information as Confidential Material or Highly Confidential Material by serving a written objection upon the Designating Party's counsel detailing with specificity the Objecting Party's rationale for challenging the designation of each Document or Information as Confidential Material or Highly Confidential Material under this Protective Order.  The Designating Party or its counsel shall thereafter, within ten (10) business days, respond to such objection in writing by either:  (a) agreeing to remove, revise, or add the designation pursuant to the Objecting Party's request; or (b) stating the reason why the designation (or decision not to designate) was made.  If the Objecting Party and the Designating

Party are subsequently unable to agree upon the terms and conditions of disclosure for the Documents or Information in issue, the Designating Party shall be free to move the Court for an Order applying or modifying the disputed designation.  On such a motion it will be the burden of the Designating Party to demonstrate that the Documents or Information are properly designated. Pending the resolution of the motion, the Documents or Information in issue shall continue to be treated in the manner as designated (or not designated) by the Designating Party unless and until the Court orders otherwise.  If the Designating Party does not move (and/or file a letter-motion) for an order applying or modifying the designation within ten (10) days after an impasse between parties, the Designating Party will be deemed to have waived its designation (or lack of designation) as Confidential Information or Highly Confidential Information.

15.     Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's outside counsel from rendering advice to its clients with respect to this Action, and in the course thereof, relying upon Confidential Information or Highly Confidential Information, provided that in rendering such advice, outside counsel shall not disclose any Confidential Information or Highly Confidential Information other than as permitted by this Protective Order.

16.     Inadvertent production of any Documents or Information, including that which is disclosed during a deposition, without a designation will not be deemed to waive a party's right to subsequently designate said Documents or Information pursuant to this Protective Order at a later date.

17.     Except as agreed in writing by counsel of record, to the extent that any Confidential Information or Highly Confidential Information (including any portions of a deposition transcript) is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that

submission pursuant to this Court's rule pertaining to Redactions and Filing Under Seal (*see* Section I.C.3 of Hon. Lorna G. Schofield's Individual Rules and Procedures for Civil Cases).  Prior to filing any such submission, the parties agree to meet and confer to determine the best method to attempt to ensure that the Confidential Information or Highly Confidential Information remains sufficiently protected.  If necessary, the Parties will make a joint application to file the document under seal.

18.     Nothing herein shall be construed to affect in any manner the use and admissibility at trial of any Documents or Information.  Nor shall this Protective Order be deemed to waive any privilege recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The foregoing is entirely without prejudice to the right of any party or non-party to apply to the Court for a protective order relating to Confidential Information or Highly Confidential Information; to review Documents or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production; to object to the production of Documents or Information; to redact content contained within Documents or Information, regardless of their designations; or to apply to the Court for an order compelling the production of Documents or Information.  This Protective Order may be enforced by any party.

19.     Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of either party, all Confidential Information or Highly Confidential Information and any and all copies thereof, shall be be returned or destroyed within sixty (60) calendar days to the Designating Party, provided, however, that counsel may retain their attorney work product and all court-filed documents, all of which shall remain subject to the terms of this Protective Order.

20.     If Confidential Information or Highly Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, as soon as possible upon learning of such disclosure, inform the Designating Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such Confidential Information or Highly Confidential Information, and shall promptly endeavor to retrieve all copies of such Documents or Information have each person sign on to the certification attached as Exhibit A hereto.

21.     Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the Designating Party may take steps in advance or after the fact to protect such information from public disclosure.  The parties shall, to the extent practicable, provide reasonable advance notice to the Designating Party of any intent to introduce Confidential Information or Highly Confidential Information at an evidentiary hearing or at trial.

22.     Nothing contained in this Protective Order shall preclude any party from using its own Documents or Information in any manner it sees fit, without prior consent of any other party or the Court.

23.     Nothing herein shall operate as an admission by any of the parties hereto that any particular material contains or reflects trade secrets, or other confidential or proprietary information.

24.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment, settlement, or other resolution of this Action.

25.     This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular Document or Information.

26.     The Parties acknwoledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to informaion that the parties have redacted, sealed or designated as confidential.

SO STIPULATED AND AGREED.

SILVER LAW GROUP                              PRYOR CASHMAN LLP


*/s/ Scott L. Silver*                        */s/ Marion Harris*
Scott L. Silver                              E. Scott Schirick
ssilver@silverlaw.com                        sschirick@pryorcashman.com
11780 W. Sample Road                         Marion R. Harris
Coral Springs, FL 33065                      mharris@pryorcashman.com
(954) 755-4799                               7 Times Square
                                             New York, New York 10036
                                             (212) 421-2100

*Attorneys for IMG Memorial Fund I, LLC*     *Attorneys for First Landing Fund, LLC,*
                                             *Vantage Consulting Group, Inc., Mark T.*
                                             *Finn, and David P. Schippers*


MORGAN LEWIS & BOCKIUS LLP                   CHIESA SHAHINIAN & GIANTOMASI PC


*/s/ Matthew C. McDonough*                   */s/ Melissa Wernick*
Jason D. Frank                               Lee Vartan
jason.frank@morganlewis.com                  lvartan@csglaw.com
Matthew C. McDonough (*pro hac vice*)        Melissa F. Wernick
matthew.mcdonough@morganlewis.com            mwernick@csglaw.com
One Federal Street                           One Boland Drive
Boston, Massachusetts 02110                  West Orange, New Jersey 07052
(617) 951-8000                               (973) 325-1500

*Attorneys for Prophecy Special*             *Attorneys for Jeffrey Spotts*
*Opportunities, LP, Prophecy Special Ops GP,*
*LLC*




**SO ORDERED**, on: _____    BY THE COURT:


                                             _____
                                             Hon. Lorna G. Schofield
                                             United States District Judge

13

## **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IMG MEMORIAL FUND I, LLC,

                Plaintiff,

      v.

FIRST LANDING FUND, LLC, ET AL.,

                Defendants.

Case No. 21-CV-03263 (LGS)

**NON-DISCLOSURE
AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Confidential Information and Highly Confidential Information.  I agree that I will not disclose to anyone, or use in any way, such Confidential Information or Highly Confidential Information other than for purposes of this litigation as defined in the Protective Order, and that, at the conclusion of the litigation, I will destroy or return to the party or attorney from whom I received it all Confidential Information or Highly Confidential Information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under the Protective Order and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____  _____

                  By: